IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01615-WYD-MEH

VICKI BAUER,

    Plaintiff,

v.

THOMAS KIPLING, a/k/a THOMAS KIPLINGBAUGH, and
KARLA KIPLING,

    Defendants.

**ORDER OF REMAND**

THIS MATTER comes before the Court to consider the Plaintiff's Motion to Remand [ECF No. 4], filed July 13, 2010. On July 9, 2010, Defendants filed a notice of removal alleging complete diversity of citizenship between the parties pursuant to 28 U.S.C. 1332(a)(2). [ECF No. 1]. Defendants assert that the amount in controversy exceeds $100,000 and cite the state civil cover sheet attached to the Notice of Removal. [ECF No. 1-2]. After carefully reviewing the parties submissions, including the Notice of Removal and attachments, the Complaint, and the civil cover sheet, I find that this case must be remanded based on Defendants' failure to show that the amount in controversy is satisfied.

Section 1332(a) sets forth two requirements for diversity jurisdiction. Those requirements are: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the

parties. 28 U.S.C. § 1332(a). A removing defendant must "prove jurisdictional facts by a preponderance of the evidence." *McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir.2008). Typically, a defendant can establish the amount in controversy by providing factual allegations in the notice of removal, or by citing to allegations in the complaint. *Id*.

In this case, Defendants state that the amount in controversy is established by reference to the state civil cover sheet, which provides "Claims against any party shall exceed $100,000[.]" [ECF No. 1-1, p.1]. I find that the civil cover sheet filed in state court is not sufficient to establish that the jurisdictional amount is satisfied. The majority of judges from this district have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00402, 2009 WL 535815, at *1 (D. Colo. March 3, 2009) (Judge Kane); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) (Judge Krieger).

As Judge Krieger noted in her detailed analysis in *Baker*, the Colorado Civil Cover Sheet is neither a pleading nor an exhibit and does not constitute reliable evidence of the amount in controversy. 557 F. Supp. 2d at 1215. Further, she found that the Civil Cover Sheet is too imprecise to make the required demonstration of the amount in controversy. *Id.* I agree with this analysis.

Moreover, a careful reading of the Complaint does not establish that the amount in controversy exceeds $75,000. The Complaint references certain monies loaned without indicating the value of any such loan. *See* Compl., ¶¶20-25 and 27 [ECF No. 1-1]. The Complaint also makes reference to the Defendants agreeing to repay obligations ranging

from $40,000 to $70,000.  *Id.* at ¶¶30-32 and 41.  However, it is far from clear as to what amount of damages is actually sought, and it appears that it may not exceed $70,000.  In short, it is impossible for me to determine from these general allegations whether the total damages will exceed $75,000 as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).

Consistent with the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that Defendants have failed to establish subject matter jurisdiction over this action and the case must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that Plaintiff's Motion to Remand [ECF No. 4], filed July 13, 2010 is **GRANTED**.  It is

FURTHER ORDERED that the Clerk of Court shall remand this case to Pitkin County District Court, from which the case was removed.

Dated: July 21, 2010

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief United States District Judge